**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

**ALBERT BERRY, JR.,**

    **Plaintiff,**

  v.                                                      **Case No. 12-CV-1090**

**CAROLYN W. COLVIN,
Acting Commissioner, Social Security Administration,**

    **Defendant.**

**DECISION AND ORDER APPROVING AN AWARD OF ATTORNEY'S FEES
PURSUANT TO 42 U.S.C. § 406(b)**

On May 13, 2013, I granted a joint motion for reversal and remand of the Social Security Commissioner's decision denying benefits to the plaintiff, Albert Berry, Jr. ("Berry"), pursuant to Sentence Four of Section 205 of the Social Security Act, 42 U.S.C. § 405(g). (Docket # 18.) Prior to the litigation in the above-captioned case, Berry filed another case in this District concerning the same application for benefits. Berry filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA), 42 U.S.C. § 2412, which was granted in the amount of $4,620.00, and it also included $366.62 in costs. (Case No. 11-CV-149, Docket # 25.) Following the order for remand in this case, plaintiff later filed for $7,100.00 in attorney's fees pursuant to the EAJA, which was granted. (Docket # 24.) Upon remand, the Commissioner found Berry to be disabled and awarded him disability benefits, including $49,477.88 in past due benefits. (Docket # 26-1.) The Social Security Administration informed plaintiff's counsel that it is holding 25% of his past-due benefits for the purpose of paying attorney's fees. Plaintiff's counsel now seeks approval pursuant to 42

U.S.C. § 406(b) to collect fees in the amount of $649.47 under his contingency fee agreement with plaintiff. (Docket # 26.) The Commissioner did not respond to the plaintiff's motion.

An attorney who succeeds in obtaining benefits for a social security claimant may recover fees pursuant to 42 U.S.C. § 406. Section 406(a) governs fees for representation in administrative proceedings before the Social Security Administration ("SSA"); § 406(b) controls fees for representation in federal court. *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 660 (N.D. Ill. 2004) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002)). The statute provides for a "reasonable fee" not to exceed 25% of the past-due benefits awarded to the claimant. *Id.* at 661. Such fees are deducted from the claimant's retroactive benefits; they do not constitute an award against the government. *Id.*

If the attorney previously obtained fees from the government under the EAJA for work performed in court, such award offsets the allowable fee under § 406(b). *Id.* at 664; *see also Hanrahan v. Shalala*, 831 F. Supp. 1440, 1452 (E.D. Wis. 1993) (stating that "when attorney's fees are awarded under both the SSA and the EAJA for the same services, an attorney is entitled to keep the larger fee but must return the smaller fee to the claimant").

The court must approve any fee under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* Within the 25 % boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id.* In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay

in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id.* at 808.

In this case, plaintiff entered into a 25% contingency fee agreement with counsel. (Docket # 21-3.) The amount of past due benefits is $49,477.88, 25% of which is $12,369.47. As noted above, counsel previously received an award of $7,100.00 in EAJA fees in this case. He also received $4,620.00 in EAJA fees in 11-CV-149. He therefore seeks an award of $649.47, consistent with the 25% contingency fee agreement, following an offset for the $11,720.00 previously paid under the EAJA. Counsel states that plaintiff wishes to settle his account with counsel and pay the remaining amount due under their contract. (Docket # 26 at 2.) Counsel contends that given the intent of the parties, the risk he assumed in accepting the case, and the success achieved, the requested fee is reasonable. (*Id.* at 3.)

Pursuant to *Gisbrecht*, the Court finds the requested fee is reasonable. First, plaintiff's counsel was able to file one brief in 11-CV-149 prior to a joint motion for remand and was able reach an agreement for a joint motion for remand in the above-captioned case. Second, the results obtained were fully favorable. Plaintiff was awarded benefits, including $49,477.88 in past due benefits. Finally, the fee does not constitute a windfall to the attorney. The amount sought by counsel under § 406(b), reduced by the previous EAJA award, is within the 25% permitted by law and provided for in the fee agreement. Although the fee of $12,369.47 for 37.40 hours of work (Docket # 21 at 12) equates to an hourly fee of approximately $330/hour, this is well within the realm of reasonable fees approved by the courts in this circuit. *See Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D.Wis. 2007) (approving hourly rate of $580.67 per hour for 38.80 hours of court work); *Stemper v. Astrue*,

No. 04-CV-838, 2008 WL 2810589, *1 (W.D. Wis. July 14, 2008) (approving rate hourly rate of $666 per hour); *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, *3 (N.D. Ill. Nov. 22, 2002) (approving hourly rate of approximately $393.00 per hour for 53.90 hours of court work).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) is hereby **GRANTED**, and Attorney David Traver is awarded fees in the amount of $649.47.

Dated this 16th day of January, 2015 at Milwaukee, Wisconsin.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge